ALDISEKT, Circuit Judge,
Dissenting.
Fundamental fairness is the hallmark of the procedural protections afforded by the Due Process Clause. Here we must decide whether the pretermination procedures of Delaware County Community College comported with the requirements of due process. In my view they did not. I would affirm the judgment of the district court. Accordingly, I dissent.
Prior to termination, a public employee with a property interest in continued employment must be afforded “a pretermination opportunity to respond, coupled with post-termination administrative [or judicial] procedures.” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547-48, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985). To ensure that *462 the pretermination hearing is a meaningful one, the employee “is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story.” Id. at 546, 105 S.Ct. at 1495.
In this case, Professor McDaniels was not provided adequate notice of the subject or purpose of the November 27, 1991 meeting. He was told only that he should bring his current gradebook and that it related to “a student problem.” App.Vol. II at 790-91, 868-70. To be sure, advance notice is not a per se requirement of due process. Gniotek v. City of Philadelphia, 808 F.2d 241, 244 (3d Cir.1986). Rather, as the majority correctly noted, “[njotice is sufficient, 1) if it apprises the vulnerable party of the nature of the charges and general evidence against him, and 2) if it is timely under the particular circumstances of the case.” Id. at 244. Thus, although advance notice is not required, “ ‘the timing and content of notice ... will depend on appropriate accommodation of the competing interests involved.’” Id. (quoting Goss v. Lopez, 419 U.S. 565, 579, 95 S.Ct. 729, 738-39, 42 L.Ed.2d 725 (1975)). I conclude that the “particular circumstances” in this ease required some form of advance notice. See Morton v. Beyer, 822 F.2d 364, 369 (3d Cir.1987).
In Morton v. Beyer, a corrections sergeant at a state prison was summoned to a pretermination hearing six months after the putative misconduct, in that case inmate abuse, although he was aware that an internal affairs investigation was initiated within a couple of days of the alleged incident. On the morning of the hearing, the public employee received “vague” notice that the upcoming hearing had something to do with “a general allegation of inmate abuse.” 822 F.2d at 370. At the hearing itself, the employee was accompanied by his union representative and was provided a packet of materials containing the various investigative reports of the incident for his review and comment, to which the employee declined to respond at the advice of his representative. We concluded: “On the undisputed facts of this case, [the employee] was not afforded timely notice of the nature of the charges or the general evidence against him.” Id. at 371.
This case assumes a fortiori proportions. First, although Professor McDaniels also was summoned months after the alleged incident, he was never aware that he was being investigated at any time prior to the pretermination hearing. Second, McDaniels received notice more vague than that in Morton v. Beyer: He was told less than two hours before the meeting only that he should bring his current gradebook and that it related to “a student problem.” App.Vol. II at 790-91, 868-70. He was not informed that the upcoming meeting was intended to serve as a pretermination hearing or that it related to a student complaint of sexual harassment. Amazingly, this lack of notice was in keeping with the college’s policy that the more serious the alleged incident, the less notice and information is provided. App. Vol. II at 802-OS. Third, unlike the public employee in Morton v. Beyer, McDaniels was not accompanied by a representative and was not afforded the opportunity to review the investigative report or evidence against him, specifically a three-page hand-written summary composed by Bryan and signed by the complaining student. Fourth, as part of the pretermination procedure the employee in Morton v. Beyer was provided a departmental hearing after the initial hearing, 822 F.2d at 367 n. 1 & n. 2, whereas Professor McDaniels, notwithstanding the availability of what the majority characterize as “post-termination rights,” was refused further pretermination review or investigation when, at the suggestion of Bryan, he filed a written request for this additional safeguard from the president of the college.
Although I am satisfied that McDaniels’ pretermination hearing afforded him, to some degree, an impromptu opportunity to hear some of the college’s evidence and present his side of the story, clearly he was unable to mount a defense equivalent to the studied and prepared presentation levelled against him:
In affirming the conclusion of the district court that [McDaniels] likely received an inadequate Loudermill hearing, we emphasize that we simply hold that, on the facts *463 of this ease, prior notice of the nature of the charges against [McDaniels] was required. Particularly in light of the significant lapse in time between the alleged improper conduct and the hearing in [Bryan’s] office, [McDaniels] should have been provided sufficient time, at the very least, to recount the facts in his own mind and thus to prepare himself to demonstrate to [Bryan and McNicholas] that reasonable grounds to believe that the charges were true did not exist.
Morton v. Beyer, 822 F.2d at 371 n. 11.
The majority and I seem to agree that it is difficult to square the jury’s finding that Professor McDaniels was afforded constitutionally adequate notice of the pretermination hearing and the charges against him with its finding that he was not afforded a constitutionally adequate opportunity to respond. With such an agreement is an implicit acknowledgement that notice and opportunity to be heard are inextricably bound. .
Subsumed in the due process requirement of notice is the concept that the recipient will be afforded some opportunity to prepare a meaningful defense. In this case the fact that notice of the pretermination meeting was given, as found by the jury, was nevertheless insufficient to permit Professor McDaniels to defend against a serious charge of sexual harassment intentionally flung upon him out of the blue, as also found by the jury. Under my view of due process protection, notice of a meeting is meaningless unless the vulnerable party is permitted a realistic opportunity to mount a defense and respond accordingly.
To be sure, the jury found that Professor McDaniels received notice of the meeting. That is a question of fact which I will not disturb on review. As a matter of constitutional law, however, I believe that the notice failed to meet the constitutional requirements of procedural due process. That is a question for the court and not for the jury.
Accordingly, I dissent.